JOSÉ RAFOLS ROGER, Plaintiff and Appellee, *v.* HEIRS OF JUAN PALÉN AGUILA, Defendants and Appellants.

No. 4680. Argued March 8, 1930.—Decided March 21, 1930.

*Luis Mercader,* for appellants.  *A. Lens Cuena,* for appellee.

### ON MOTION FOR REHEARING

MR. JUSTICE TEXIDOR delivered the opinion of the court.

The appellants herein have filed a motion for rehearing of this appeal.

As regards the first ground of the motion, the arguments adduced are more or less the same that were advanced at the first hearing. We have already passed upon the matters raised at that time, and we now reaffirm the conclusions then reached, as the appellants' further arguments do not convince us.

The second ground of the motion has been formulated as follows:

"In rendering its judgment the court seems to have overlooked the second error urged."

The said error was assigned thus:

"2.—In adjudging the defendants to pay to the plaintiff the notes in question notwithstanding their transfer by him to third persons."

We have again considered the answer and the evidence in this case. Neither in the original answer and cross-complaint, nor in the amended answer, have we found a single allegation raising the question of the ownership of the notes by a third person, predicated upon some act of the defendant sufficient in law to transfer the title to the notes. Nor is such question mentioned in the opinion of the lower court.

As regards the evidence, the introduction of the twenty-two notes—and copies thereof as well—appear from pages 3 to 21 of the transcript. These documents were introduced without any objection on the part of the defendants.

The form of the indorsement generally used on these notes is as follows:

"Pay to the order of any Bank, Banker or Trust Co., for credit to the account of José Rafols Roger. Isabela, P. R. (Signed) José Rafols."

The indorsement on two of the notes contains directions to credit the account of the Banco Agrícola of Aguadilla.

Such a formula is not an indorsement transferring title to the paper. It only creates an agency to collect, and nothing else.

We can not approve the theory that there could be raised for the first time on appeal questions which were not even raised by the pleadings or properly reserved at the trial. This point has been covered repeatedly by the decisions of this court, and the doctrine laid down can not be overlooked or ignored. For that reason, no consideration was given in the original opinion to the assignment in question, which had no place in this appeal. But since it has been suggested that a pronouncement on this point is desired, we hold now that the question involved in such an assignment cannot be properly raised at this stage of the case.

The motion for rehearing will be denied.